UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Donald Larson,

        Plaintiff,

   vs.                            REPORT AND RECOMMENDATION

Joan Fabian, Commissioner
of Corrections,

        Defendants.               Civ. No. 06-2115 (DSD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed <u>in forma pauperis</u> ("IFP"). See, <u>Docket No. 2</u>. The Plaintiff appears <u>pro se</u> and, in view of the fact that his Complaint has yet to be served, no appearance has been made on behalf of the Defendants.

The Plaintiff, who is a State prisoner, commenced this action under Title 42 U.S.C. §1983, seeking relief for various alleged violations of his rights under the United States Constitution. The Plaintiff did not tender any filing fee with his

Complaint, but instead, he filed a Motion requesting leave to proceed IFP. The Plaintiff now advises that he would like to dismiss his Complaint. See <u>Docket No. 5</u>. The Defendants have yet to be served with process, and there does not appear to be any other impediment to the voluntary dismissal of the Plaintiff's Complaint. See <u>Rule 41(a)(1), Federal Rules of Civil Procedure</u> ("[A]n action may be dismissed by the plaintiff without order of the court * * * by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs."). Accordingly, having construed the Plaintiff's most recent filing as a notice of voluntary dismissal,[1] we recommend that the Plaintiff's Complaint be dismissed, but without prejudice, and that his Motion for leave to proceed IFP be denied, as moot.

The Plaintiff also seeks "a refund on any fines, court fees, and any other charges that i i [sic] have paid for this case." <u>Docket No. 4</u>. We had previously directed the Plaintiff to pay a $8.00 initial partial filing fee, and make arrangements to pay off the remaining balance of the $350.00 filing fee in later installments, if he chose

---

[1] In the event that the Plaintiff did not intend his submission to serve as a notice of voluntary dismissal, he should so advise the Court within the objection period pertinent to this Report and Recommendation.

- 2 -

to proceed with this action. Docket No. 3. Apparently, the Plaintiff paid $250.00 of the $350.00 filing fee in response to our Order. Docket No. 5. However, he now wishes to voluntarily dismiss his Complaint, and seeks a refund.

As a prison inmate, the Plaintiff is ineligible to obtain full relief from the filing fee in this action. See, Title 28 U.S.C. §1915(b)(2). According to Section 1915(b), which is part of the Prison Litigation Reform Act of 1995 ("PLRA"), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." See also, Murray v. Dosal, 150 F.3d 814, 817 (8th Cir. 1998)("Even though seeking IFP status, the prisoner is required to pay the full amount of the fee."). However, a prisoner may nonetheless be granted IFP status, which allows him to pay the filing fee in installments, rather than paying the entire amount in advance. See, Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"), citing Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997), citing in turn McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997).

As the Prison Litigation Act makes prisoners responsible for their filing fees the moment the civil action or appeal is filed, * * * by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court." McGore v. Wrigglesworth, supra at 605; see also, White v. Bechtel, 42 Fed.Appx. 763, 2002 WL 1844298 (6th Cir., August 9, 2002)(affirming the dismissal of an action in replevin, wherein the plaintiff sought the recovery of a filing fee, which had been deducted from his inmate account in a prior case, and holding that the plaintiff had "waived any objection to assessment of and withdrawal from his prisoner trust account when he filed a civil complaint or appeal").

We observe that other Courts have refused to return, or refund, a prisoner's filing fee, after they have voluntarily withdrawn appeals, or when the claims raised are dismissed as frivolous. In Goins v. Decaro, 241 F.3d 260, 261 (2nd Cir. 2001), where the plaintiffs sought the return of the filing fees deducted from their prison accounts, the Court noted that "[t]he PLRA makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness in the event that an appeal is withdrawn."  The Court further stated that the lack of such a provision was "not surprising, since a congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by

liability for filing fees.'" Id., quoting Leonard v. Lacy, 88 F.3d 181, 182-84 (2nd Cir. 1996); see also, Samuel v. Snyder, 2002 WL 31207190 at *1-2 (D. Del., September 27, 2002)(denying plaintiff's request for refund of his initial partial payment, after his Complaint was dismissed as frivolous).

Additionally, "fee-paying litigants have no opportunity to obtain a refund of their filing fees in the event that they withdraw their appeals, and nothing in the PLRA suggests that Congress, after making prisoners liable for filing fees, wanted to give them a refund opportunity not available to others." Goins v. Decaro, supra at 261. The Court went on to note that "[a]s to the portion of a prisoner's fee already paid * * * a refund claim is not only unauthorized, but also encounters the barrier of sovereign immunity, since the debited funds have become the property of the United States." Id., citing Title 28 U.S.C. §§711(c) and 751(e) (requiring the Clerks of Courts of Appeals and District Courts to pay all fees "into the Treasury").

We note that even if the Plaintiff's IFP application had been granted, he would still be required to pay the full amount of the filing fee, albeit in installments. Murray v. Dosal, supra at 817. By submitting payment in excess of his required initial partial filing fee to commence the action, through a third party, the Plaintiff has instead

- 5 -

fulfilled his initial obligation immediately. Accordingly, we deny the Plaintiff's letter request for a refund of the portion of his filing fee that he has already paid.

NOW, THEREFORE, It is –

RECOMMENDED:

1. That the Plaintiff's Complaint [Docket No. 1] be dismissed, but without prejudice.

2. That the Plaintiff's Motion for Leave to Proceed in forma pauperis [Docket No. 2] be denied, as moot.

3. That the Plaintiff's request for a refund of his initial partial filing fee [Docket No. 4] be denied.

Dated: June 9, 2006                         s/Raymond L. Erickson

                                            Raymond L. Erickson
                                            CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June**

**26, 2006,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 26, 2006,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.